UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

JOSEPH DALE LEWIS,

    Plaintiff,

        v.    CAUSE NO. 1:24-CV-495-JD-AZ

INDIANA STATE OF,

    Defendant.

OPINION AND ORDER

Joseph Dale Lewis, a prisoner without a lawyer, filed a complaint in the Southern District of Indiana that was subsequently transferred to this court.[1] ECF 1 & ECF 5. Under 28 U.S.C. § 1915A, the court must screen the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. To proceed beyond the pleading stage, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual

---

[1] Although he titled his filing as a "motion," it is captioned as a lawsuit against the State of Indiana, and Lewis wrote "Federal Case No." on the top of the document. ECF 1 at 1. The clerk properly accepted this as a civil complaint because a filing by an unrepresented party "is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal leadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).

content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

> [A] court may dismiss a claim as factually frivolous only if the facts alleged are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional. As those words suggest, a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them.

*Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992) (quotation marks and citations omitted). Thus, a case can be dismissed without a response from the defendants where "the facts alleged in the complaint are . . . unbelievable, even though there has been no evidentiary hearing to determine their truth or falsity." *Gladney v. Pendleton Correctional Facility*, 302 F.3d 773, 774 (7th Cir. 2002); *see also Lee v. Clinton*, 209 F.3d 1025 (7th Cir. 2000).

Here, Lewis alleges he is a federal employee who was "recruited by DARPA 20 years ago after scoring the highest ASVAB military intelligence test in the nation." ECF 1 at 1. He was then conscripted by "our Artificial Intelligence" to become part of DARPA "special forces." *Id*. In that role he "helped our artificial intelligence stop Hezbollah from detonating nuclear bombs that were smuggled into every U.S. city [and] would have killed all souls in bodies." *Id*. He claims that he is immune from prosecution because of his federal employment status, and he seeks removal of his state criminal case to federal court so that he can be immediately taken to an Indianapolis hotel.

2

Lewis claims he is being "illegally detained" in his state court criminal case—cause number 02D06-1803-F5-000081—on "false police battery charges."[2] *Id*. He alleges he was "murdered by the arresting officer, and brought back to life." *Id*. He insists that this court must check the recent filings in his criminal case, and he claims that Allen County Magistrate Keirns is "holding me illegally with knowledge of Hezbollah smuggling nuclear bombs into the United States." *Id*. at 2. He asks the court to "send the FBI, state police, U.S. Marshals to free me" from the Allen County Jail and to "RAID this fucking place." *Id*. Lewis provides additional information about the situation as follows:

> Everyone except for the United States/Canada/Europe are physically dead, sucked up into Alien aircraft and cooked alive. Their bodies were replaced with clones. Joe Biden president was killed and cloned in China

---

[2] The court has reviewed the state court docket for the case referenced by Lewis. *See generally State of Indiana v. Lewis*, cause no. 02D06-1803-F5-000081, Allen Sup. Ct. 6, filed Mar. 16, 2018, available at: https://public.courts.in.gov/mycase (last visited Nov. 22, 2024); *see also* FED. R. EVID. 201; *Daniel v. Cook Cty.*, 833 F.3d 728, 742 (7th Cir. 2016) ("Courts routinely take judicial notice of the actions of other courts or the contents of filings in other courts.").

In that case, Lewis pled guilty "By Agreement But Mentally Ill" to one count of battery with bodily injury to a public safety officer on August 29, 2022. He was sentenced to five years in prison (with two years executed and three years suspended), plus a three-year term of probation. That conviction has not been overturned on appeal or otherwise.

On February 23, 2023, a petition for revocation of probation was filed, and a warrant was issued for Lewis's arrest. He was arrested, and an initial hearing was held on April 11, 2023. An order was issued on May 2, 2023, which indicated the court found "reasonable grounds to believe that the defendant lacks the ability to understand the proceedings and to assist in the preparation of a defense," so competency examinations were ordered. A hearing was held, and because the two appointed doctors disagreed on whether Lewis was competent, the court appointed a third doctor. On January 12, 2024, an order was issued indicating Lewis "admits the allegations in the Verified Petition for Revocation of Probation/Home Detention," and the matter was taken under advisement. On May 3, 2024, Lewis was "ordered released from Allen County Community Control at the ninety day mark. All other conditions remain."

On May 24, 2024, another petition for revocation of probation was filed, and a warrant was issued for Lewis's arrest. An initial hearing was held on October 9, 2024. On October 21, 2024, an order was issued indicating that "the defendant made numerous statements that would call into question his current competency to stand trial," and two doctors were appointed to evaluate his competency. On November 18, 2024, Lewis filed a pro se "Motion to Dismiss and Alert to Alien Soul Infiltration." The motion—which the clerk will be directed to attach as an exhibit to this order because it is not electronically available to the general public—accuses various state court judges and attorneys of having "soul energy forms layered in your bodies, nearly invisible energy forms that internally killed the souls and brain electricity of my family in 2008, and internally mimicked my dead family since then" and threatens them with death. *See* Ex. 1 (Motion to Dismiss). A competency hearing is currently set for December 16, 2024.

3

> three years ago. They, clones, are among us some here from Mexico. The Chinese have been shipping electronic warfare equipment into the United States to take down our A.I. defense networks to get those spaceships above us to suck us into them to vaporize us and replace us with clones, body clones. Also, google search 'hole leading underground Siberia, Russia.' Due to my warnings someone scanned underground with radar, and they alerted an Alien A.I. that its 2.5 Billion alien monsters under the United States had been spotted. Currently they are digging up from underground, roused from a comatose state, they are like living and eat flesh and the A.I. kills energy forms layered in bodies etc.

*Id*. Lewis asks the clerk to file his document on the electronic docket and "get it to a judge ASAP" because if "[w]e all Die, my body has tech to save us, I'm looking for Allies!!!" ECF 1-1 at 1.

Although not all of Lewis's allegations are factually impossible, collectively they "are fanciful, fantastic, and delusional." *Denton*, 504 U.S. at 33. Therefore, this case will be dismissed as frivolous.[3] It is likely medical providers at the Allen County Jail already know about Lewis's concerns, but if they do not, it is important for them to see this complaint so they can provide him with whatever counseling and mental health treatment may be appropriate.

---

[3] To the extent Lewis is challenging his ongoing detention and/or conviction, he may not do so in a civil rights action under 42 U.S.C. § 1983. *See Preiser v. Rodriguez*, 411 U.S. 475, 488 (1973) (habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement); 28 U.S.C. §§ 2241 (pretrial) & 2254 (post-conviction); *see also Day v. Watson*, 798 Fed. Appx. 27, 29 (7th Cir. 2020) (citing *Heck v. Humphrey*, 512 U.S. 477, 484–87 (1994) and noting that the exclusive remedy for such challenges is a collateral attack under 28 U.S.C. §§ 2241 or 2255).
    To the extent Lewis is seeking to have his state criminal case removed to this federal court, he has already tried to do so in a separate lawsuit and was advised that form of relief is inappropriate. *See State of Indiana v. Lewis*, cause no. 1:21-CV-061-HAB-SLC (removed on Oct. 7, 2021, and remanded back to state court on Oct. 14, 2021) ("Federal statutes permit the removal of state court prosecutions under certain, clearly defined circumstances. They include prosecutions of federal officers (28 U.S.C. § 1442(a)) and active members of the military (28 U.S.C. § 1442a), as well as prosecutions involving civil rights (28 U.S.C. § 1443). None of those circumstances are relevant here, leaving no legal basis for removal of the state case. The Court has no option other than summary remand. 28 U.S.C. § 1455(b)(4).").

"The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). "District courts, however, have broad discretion to deny leave to amend a complaint where the amendment would be futile." *Russell v. Zimmer, Inc.*, 82 F.4th 564, 572 (7th Cir. 2023); *see also Holland v. City of Gary*, 503 F. App'x 476, 477–78 (7th Cir. 2013) (amendment of complaint with fantastic and delusional allegations would be futile); *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009). As previously explained, such is the case here.

For these reasons, the court:

(1) DIRECTS the clerk to attach a copy of Joseph Dale Lewis's state court Motion to Dismiss as Exhibit 1;

(2) DISMISSES this case pursuant to 28 U.S.C. § 1915A because it is frivolous; and

(3) DIRECTS the clerk to send a copy of this order and the complaint (ECF 1) to the Allen County Sheriff so it can be passed along to medical providers at the jail if deemed necessary.

SO ORDERED on November 25, 2024

/s/JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT